# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 61

SAEJ Enterprises, LLC,                                                                 Appellant

      v.

State of North Dakota, by and through

Workforce Safety and Insurance,                                               Appellee

## No. 20190370

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gail Hagerty, Judge.

AFFIRMED.

Per Curiam.

Jacqueline S. Anderson, Fargo, ND, for appellee; submitted on brief.

Dean J. Haas, Bismarck, ND, for appellant; submitted on brief.

## SAEJ Enterprises v. WSI
### No. 20190370

**Per Curiam.**

[¶1] SAEJ Enterprises appeals a district court judgment affirming an administrative law judge ("ALJ") decision that affirmed a Workforce Safety and Insurance ("WSI") order determining SAEJ is an employer and liable for workers' compensation premium. SAEJ argues the ALJ did not reasonably determine the workers serving as fill-in (relief) pumpers were SAEJ's employees, rather than independent contractors.

[¶2] "Whether a worker is an independent contractor or an employee is a mixed question of fact and law." *Workforce Safety & Ins. v. Larry's On Site Welding*, 2014 ND 81, ¶ 14, 845 N.W.2d 310 (quoting *Matter of BKU Enters., Inc.*, 513 N.W.2d 382, 387 (N.D.1994)). "In reviewing a mixed question of fact and law, the underlying predicate facts are treated as findings of fact, and the conclusion whether those facts meet the legal standard is a question of law." *Larry's On Site Welding*, at ¶ 14. "Whether an employer has retained the right to direct and control the services performed by workers is a finding of fact." *Id.* (quoting *BKU Enters.,* at 387); *see also Workforce Safety & Ins. v. Questar Energy Servs., Inc.*, 2017 ND 241, ¶ 9, 902 N.W.2d 757. Here, the ALJ made specific findings on the predicate facts and considered the common-law test and twenty factors under N.D. Admin. Code § 92-01-02-49(1) to determine whether a person is an independent contractor or an employee. *See* N.D.C.C. § 65-01-03(1).

[¶3] On this record, the ALJ's findings of fact are supported by a preponderance of the evidence, in that a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record; and the ALJ's conclusions of law and decision are supported by its findings of fact. *See* N.D.C.C. §§ 28-32-46(5), (6), and 28-32-49; *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D. 1979). We summarily affirm under N.D.R.App.P. 35.1(a)(5) and (7); *see Larry's On Site Welding*, 2014 ND 81, ¶¶ 1, 21-23, 845 N.W.2d 310 (affirming ALJ's order finding welders were independent contractors when its findings of fact were supported by a

preponderance of the evidence and its conclusions of law were supported by the facts); *see also Questar Energy Servs.*, 2017 ND 241, ¶¶ 1, 10, 16-18, 902 N.W.2d 757 (affirming ALJ's decision reclassifying employees when its underlying factual conclusions were supported by a preponderance of the evidence and its legal conclusion of the employees' classification was supported by its factual findings).

[¶4] Jon J. Jensen, C.J.
    Jerod E. Tufte
    Daniel J. Crothers
    Lisa Fair McEvers
    Gerald W. VandeWalle